# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT JACKSON

Assigned on Briefs September 5, 2012

## MONTORIUS G. HERRON v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Madison County**
**No. C-11-297      Roy B. Morgan, Judge**

---

**No. W2012-00482-CCA-R3-PC  - Filed November 6, 2012**

---

Petitioner, Motorius G. Herron, appeals from the post-conviction court's dismissal of his post-conviction petition following an evidentiary hearing. In his post-conviction proceeding, Petitioner challenged his conviction following a jury trial for identity theft. The sole issue for appeal is whether Petitioner's trial counsel rendered ineffective assistance of counsel by failing to make a written request for the inclusion of the crime of fraudulent use of a credit or debit card as a lesser included offense of identity theft. Since the crime of fraudulent use of a credit or debit card is not a lesser included offense of identity theft, trial counsel did not render ineffective assistance of counsel. We accordingly affirm the judgment of the post-conviction trial court.

## Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN and JEFFREY S. BIVINS, JJ., joined.

Mike Mosier, Jackson, Tennessee, for the appellant, Montorius G. Herron.

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; James G. Woodall, District Attorney General; and Rolf Hazelhurst, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

Because of the legal basis for disposition of this case, we do not need to set forth all the facts which led to Petitioner's conviction for identity theft. Petitioner used the victim's bank debit card in an attempt to obtain money from the bank's ATM shortly after 2:00 a.m. on August 30, 2008. A detailed statement of the facts can be found in this Court's opinion

in Petitioner's direct appeal. *See State v. Montorius G. Herron*, No. W2009-02493-CCA-R3-CD, 2010 WL 4674260 (Tenn. Crim. App. Nov. 16, 2010) *perm. app. denied* (Tenn. April 14, 2011).

Trial counsel did not file a written request for the trial court to give the jury an instruction that the crime of fraudulent use of a credit or debit card is a lesser included offense of identity theft. Trial counsel testified at the post-conviction hearing that she believed from her legal research that fraudulent use of a credit or debit card is not a lesser included offense of identity theft. She thus did not make a written request for that jury charge. She raised the issue on direct appeal, however, because Petitioner was adamant for the issue to be addressed. This Court held that the issue was waived for plenary review, pursuant to Tennessee Code Annotated section 40-18-110(c) ("Absent a written request, the failure of a trial judge to instruct the jury on any lesser included offense may not be presented as a ground for relief either in a motion for a new trial or on appeal."). *Montorius G. Herron*, 2010 WL 4674260, at *4. This Court further held that the issue could not be addressed under "plain error" review because at least one of the required factors for "plain error" review had not been met. *Id.* at *5 ("the [Petitioner] has not shown that he did not waive the issue for tactical reasons.").

The burden in a post-conviction proceeding is on the petitioner to prove his grounds for relief by clear and convincing evidence. T.C.A. § 40-30-110(f) (2006). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. *Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). Because they relate to mixed questions of law and fact, we review the trial court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. *Id.* at 457. Post-conviction relief may only be given if a conviction or sentence is void or voidable because of a violation of a constitutional right. T.C.A. § 40-30-103 (2006).

Under the Sixth Amendment, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *see Lockhart v. Fretwell*, 506 U.S. 364, 368-72, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993). In other words, a showing that counsel's performance fell below a reasonable standard is not enough because the petitioner must also show a reasonable probability that but for the substandard performance, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The *Strickland* standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. *State v. Melson*, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A petitioner will only prevail on a claim of ineffective assistance of counsel after satisfying both prongs of the *Strickland* test. *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997). The performance prong requires a petitioner raising a claim of ineffectiveness to show that counsel's representation fell below an objective standard of reasonableness or "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. The prejudice prong requires a petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability means a "probability sufficient to undermine confidence in the outcome." *Id*.

This Court has recently held that the crime of fraudulent use of a credit or debit card, as defined in Tennessee Code Annotated section 39-14-118(b) is not a lesser included offense of identity theft. *State v. Tehren Carthel Wilson*, No. W2010-02613-CCA-R3-CD (Tenn. Crim. App. May 11, 2012), *perm. app. denied* (Tenn. Sept. 20, 2012). Petitioner acknowledges the existence of this case. However, Petitioner urges this Court to rely upon the dissent in *State v. Ronald Bowman*, W2003-02389-CCA-R3-CD, 2005 WL 94365 (Tenn. Crim. App. Jan. 13, 2005) *perm. app. denied* (Tenn. May 23, 2005). The court in *Wilson* relied on the majority opinion in *Bowman*. We respectfully decline to follow the dissent in *Bowman*.

As fraudulent use of a credit or debit card is not a lesser included offense of identity theft, trial counsel did not render deficient performance by not filing a written request to the trial court to give that charge to the jury. Petitioner is not entitled to relief in this appeal.

## CONCLUSION

The judgment of the post-conviction trial court is affirmed.

_____

THOMAS T. WOODALL, JUDGE